IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

J-LINE PUMP CO., d/b/a AMERICAN-MARSH PUMPS,

        Plaintiff/Counter-Defendant,

v.                                                                           No. 02:08-cv-02163-BBD-cgc

SEVERSTAL NORTH AMERICA, INC.,

        Defendant/Counter-Plaintiff,

and

ENERGEN TECHNOLOGIES, INC.,

        Defendant.

**ORDER AWARDING ATTORNEYS' FEES**

Before the Court are Defendant/Counter-Plaintiff Severstal North America, Inc.'s ("Severstal") Affidavits in Support of Bill of Attorneys Fees (D.E. #100, #101) for their Motion to Dismiss Second Amended Complaint or in the Alternative to Compel Plaintiff to Produce Information Related to the Pricing of the Replacement Casing (D.E. #77). The Court determined that reasonable attorneys' fees and expenses would be awarded at the hearing on the motion on January 12, 2010, (D.E. #97), and in the Court's Order Granting in Part and Denying in Part the motion (D.E. #107).

In the instant affidavits, Severstal requests that this Court reasonable attorneys' fees in the amount of $3,185.00 to Attorney Jack Gray ("Gray"), which represents 18.2 hours of work at a rate

of $175.00 per hour, and $1,173.00 to Attorney E. Patrick Lancaster ("Lancaster") for 4.6 hours of work at a rate of $255.00 per hour.  In total, Severstal requests $4,358.00 in attorneys fees for 22.8 hours of work.  Severstal's affidavits detail the precise work performed by their attorneys as follows. Gray states that he prepared the motion, received deposition transcripts, researched analogous case law as to whether the case should be dismissed under the circumstances, including when a Rule 30(b)(6) witness provides evasive answers, finalized the motion, sent a copy to Plaintiff's counsel via e-mail, filed the motion and consulted with his legal assistant, had telephone and e-mail conversations with Lancaster regarding the motion hearing, reviewed Severstal's response to the motion, and assisted Lancaster regarding preparation and strategy for the motion hearing.  Lancaster states that he studied the motion, prepared for oral argument, studied Plaintiff's response, performed legal research on the issue of protection of alleged trade secrets during discovery, and appeared in court to present and argue the motion.

Plaintiff J-Line Pump Company, d/b/a American-Marsh Pumps ("AMP") filed its response in opposition to Severstal's Fee Affidavits.  (D.E. #104).  AMP argues that the "subject motion addressed a singular issue—the production by AMP of pricing information regarding the replacement casing involved in the instant lawsuit."  While AMP admits that "numerous depositions" had been taken in this case, AMP argues that "this precise matter was discussed in only a handful of pages of the depositions."  Further, AMP argues that Severstal only used twenty pages from the depositions as exhibits in support of its motion, and a review of the record shows that this is accurate.  A review of the record demonstrates that AMP's description of the legal support included in Severstal's motion is also accurate.

As to the reasonableness of the fee affidavits, AMP asserts that Severstal's motion did not

2

involve "complex or novel issues of law requiring extensive legal research"; instead, AMP classifies this as "the most basic of discovery motions—a motion to compel under Rule 37." As to the depth of legal research, AMP states that only one citation to a reported court decision is included in Severstal's motion, and the only other legal citations are only direct quotations of the Federal Rules of Civil Procedure.

Furthermore, AMP argues that the fee affidavits "are general and not specific in identifying the precise portions of the depositions reviewed." Thus, AMP believes it cannot fully assess the "research conducted . . . for the extensive redrafting and modifications of the motions as reflected in these billing records." Thus, AMP contends that it "cannot critique" the individual line items but opines that the request for $4,358.00 for 22.8 hours of work "far exceed[s] the reasonable charges to be expected in the preparation, filing and presentation of a fairly routine motion to compel." Finally, AMP submits that it offered to voluntarily produce a price list and documents reflecting labor costs prior to the filing of the motion but that Severstal did not accept or acknowledge the offer. AMP states that "[t]hese are the very same documents now ordered to be produced" and that "equity dictates that any award of fees be minimal."

Upon review of Severstal's fee affidavits and AMP's response, the Court agrees with AMP that Severstal's Motion to Dismiss Second Amended Complaint or in the Alternative to Compel did not present particularly novel or complex issues of law. However, the Court disagrees with AMP that the documents at issue in Severstal's motion were the "very same documents now ordered to be produced"; to the contrary, Severstal's motion requested more extensive documents than AMP had agreed to produce, including pricing methodology and vendor identification. For this reason, at the hearing on the instant motion, the parties vigorously debated whether such discovery was

appropriate. Despite this clarification of the extent of the dispute, the Court finds that the preparation of the motion should not have required the expenditures of time as presented in Severstal's affidavits. Thus, the Court awards $1610.00 to Gray and $382.50 to Lancaster in reasonable attorneys fees. The Court further ORDERS that these awards be paid within forty-five days of the entry of this Order.

      **IT IS SO ORDERED** this 17th day of March, 2010.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE